United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 5:03-cv-20033 JW |
| Plaintiff(s), | **ORDER DENYING DEFENDANT'S MOTION TO VACATE OR MODIFY SENTENCE** |
| v. | |
| JERRY ESTEBAN, | [Docket Item No(s). 73] |
| Defendant(s). | |

On February 9, 2004, Defendant Jerry Esteban ("Defendant") plead guilty pursuant to a written plea agreement to two counts: (1) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and (2) possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841. See Docket Item Nos. 44, 46. Defendant was thereafter sentenced to a prison term of 121 months and five years of supervised release. See Docket Item No. 54. Judgment was entered accordingly on September 1, 2004. See Docket Item No. 56.

In the instant motion, Defendant seeks to modify the terms of the federal prison sentence. Specifically, Defendant requests an order directing that the federal sentence run concurrently with a state-imposed prison sentence. Defendant alleges that the Monterey County Superior Court granted a similar motion in October, 2011, which amended the state prison sentence to run concurrently with the federal sentence.

From the documents provided by Defendant, the authority upon which he bases this motion is unclear. The court, however, has nonetheless liberally construed his submission. United States v.

Seesing, 234 F.3d 456, 462 (9th Cir. 2001) ("Pro se complaints and motions from prisoners areto be liberally construed."). The citation to Dillon v. United States, 130 S. Ct. 2683 (2010), suggests that Defendant may be relying on the limited modification provisions contained in 18 U.S.C. § 3582. Such reliance, however, is misplaced since Defendant has not shown that his federal sentence falls within the ambit of that section. See 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . . [or] the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure . . . [or] in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment ...."). To the extent Defendant relies on 18 U.S.C. § 3553, such reliance is similarly misplaced as that statute does not contain an independent sentence modification provision.

Defendant may also base this motion on Federal Rule of Criminal Procedure 36. That Rule provides:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

It is well established, however, that "Rule 36 . . . may not be used to correct judicial errors in sentencing." United States v. Penna, 319 F.3d 509, 513 (9th Cir. 2003) (citing United States v. Hovsepian, 307 F.3d 922, 927 (9th Cir. 2002)). "[T]he district court has no discretionary authority under Rule 36 to correct its own errors in imposing an otherwise valid sentence . . . ." United States v. Dickie, 752 F.2d 1398, 1400 (9th Cir. 1985); Kaye, 739 F.2d 488, 490 (9th Cir. 1984) ("[T]he provisions of Rule 36 do not permit a substantive change in the period of incarceration which the defendant must serve."); United States v. Daddino, 5 F.3d 262, 264-65 (7th Cir. 1993) (noting that Rule 36 "does not apply to errors made by the court itself."). Rule 36 does not aid Defendant here, since there is no evidence to suggest that the Judgment contains a clerical error.

Because Defendant's motion does not establish a basis for the relief he requests, Defendant's motion is DENIED.[1]

**IT IS SO ORDERED.**

Dated: July 10, 2012



EDWARD J. DAVILA
United States District Judge

---

[1] Although the court has not directly construed this motion as one under 28 U.S.C. § 2255, the court does note that a motion under that section would be time-barred absent a basis for equitable tolling. See 28 U.S.C. § 2255(f).